UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SANDRA FLEMMING,

                 Plaintiff,

    -against-

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY; AMERICAN AIRLINES,
INC.; LAGUARDIA GATEWAY
PARTNERS LLC,

                 Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

21-cv-1112 (BMC)

**COGAN**, District Judge.

Alleging that she suffered injuries in a fall at LaGuardia International Airport, plaintiff Sandra Flemming has brought state-law negligence claims against the Port Authority of New York and New Jersey; American Airlines, Inc.; and LaGuardia Gateway Partners, LLC. This Court has an independent obligation "to examine its subject matter jurisdiction *sua sponte* and dismiss the case if it is lacking." Taylor v. Johnson & Johnson, No. 09-cv-4575, 2009 WL 3731988, at *1 (E.D.N.Y. Nov. 4, 2009). Because plaintiff has not adequately alleged that this Court has diversity jurisdiction, and has failed to cure that despite my having provided her with an opportunity to do so, the case is dismissed.

Plaintiff alleges that the Court has jurisdiction under 28 U.S.C. § 1332(a)(1), which covers controversies between "citizens of different States." That type of jurisdiction requires "complete diversity," namely, that "all plaintiffs are citizens of different states from all defendants." Battaglia v. Shore Parkway Owner LLC, 249 F. Supp. 3d 668, 670 (E.D.N.Y. 2017). Plaintiff is a citizen of Illinois. The Port Authority is a citizen of New York and New

Jersey. See Port Auth. of N.Y & N.J. v. Tully Constr. Co., Inc., No. 12-cv-1092, 2013 WL 12358515, at *2 (E.D.N.Y. May 15, 2013). And as a corporation, American Airlines is a citizen of Delaware, its state of incorporation, and Texas, the state of its principal place of business. See 28 U.S.C. § 1332(c)(1).

The problem is LaGuardia Gateway Partners. As an LLC, it takes the citizenship of all of its members. Agility Logistics Corp. v. Elegant USA, LLC, No. 09-cv-4719, 2009 WL 3094898, at *1 (S.D.N.Y. Sept. 25, 2009). "In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged." U.S. Liab. Ins. Co. v. M Remodeling Corp., 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) (collecting cases); see also Prospect Funding Holdings, LLC v. Fennell, No. 15-cv-4176, 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015) (same). "[I]f any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until [the plaintiff] has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." U.S. Liab. Ins. Co., 444 F. Supp. 3d at 410.

Plaintiff has repeatedly failed to do so. The original complaint alleged only that "all of [LaGuardia Gateway Partners, LLC's] members are, upon information and belief, citizens of New York." I issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction, cautioning that "all members of an LLC must be identified by name and citizenship." Plaintiff then filed an amended complaint. It added only one allegation: "Upon information and belief, each member of [LaGuardia Gateway Partners] is a citizen of New York State."

These allegations do not establish diversity jurisdiction. It is not enough to allege, in conclusory fashion, that none of a defendant LLC's members are citizens of the same state as the

plaintiff.  See Prospect Funding Holdings, 2015 WL 4477120, at *1.  Nor may a plaintiff allege that all of the LLC's members are citizens of a certain state.  See U.S. Liab. Ins. Co., 444 F. Supp. 3d at 410.  In these circumstances, "all that [a] plaintiff has alleged are conclusions without the facts to support them."  Id.

Plaintiff's reliance on conclusions raises questions as to whether she knows the identity and citizenship of each member of LaGuardia Gateway Partners.  As in other cases where plaintiffs have relied on conclusions, plaintiff "has apparently based [her] allegation that each member or partner is a New York citizen solely on the fact that [LaGuardia Gateway Partners] conduct[s] business in New York."  Sourceone Healthcare Techs., Inc. v. Bensonhurst Imaging Assocs. Mgmt. LLC, No. 08-cv-2568, 2008 WL 2697324, at *2 (E.D.N.Y. July 2, 2008).  In doing so, "plaintiff effectively admits that [she] has no idea as to the identity of all the members and partners of the defendant[], let alone their citizenship."  Id.

That lack of knowledge "does not excuse [plaintiff's] obligations under Rule 11."  Id. at *3.  Under that rule, "a party cannot allege facts to make out the substance of a claim when it has an insufficient basis to make those allegations in the hope that discovery may fortuitously give it a good faith basis, unless it has reason to believe that will in fact occur."  Id. at *2.  "The requirement of a good faith basis is no less applicable to jurisdictional facts than any other facts," and "[m]aking the allegation 'upon information and belief' does not dilute the Rule 11 obligation."  Id.  "Indeed, because jurisdiction is the building block upon which the entire case must rest, it is particularly important that plaintiffs have a sound factual basis for invoking it."  Id.

There is nothing new about this obligation.  As Justice Marshall explained, "the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact upon which

3

jurisdiction depends.  It is not sufficient that jurisdiction may be inferred, argumentatively, from its averments." Brown v. Keene, 33 U.S. 112, 114 (1834).  More recently, as the Seventh Circuit held in Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692-93 (7th Cir. 2003):

> Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money. . . . Counsel tells us that, because the lease between Belleville Catering and Champaign Market Place refers to Belleville Catering as "a Missouri corporation," he assumed that it must be one.  That confesses a violation of Fed. R. Civ. P. 11. . . . [C]ounsel must secure jurisdictional details from original sources before making formal allegations.

The complaint is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       March 9, 2021

4